UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| FTF LENDING LLC, a Delaware limited liability company | CASE NO.: 1:22-cv-10665 |
| Plaintiff | UNITED STATES DISTRICT JUDGE |
| vs. | UNITED STATES MAGISTRATE JUDGE |
| TCP 595 E 7TH LLC, a Massachusetts limited liability company, THOMAS FRANCIS MEADE, IV, an indivdiual, COLLECTOR-TREASURER, CITY OF BOSTON, COMMONWEALTH OF MASSACHUSETTS, WAN SUM NG, an individual, and JOHN DOES NOS. 1-10, SAID NAMES BEING UNKNOWN AND FICTITIOUS, AS UNKNOWN OCCUPANT(S) OR TENANT(S) IN POSSESSION OF 595 EAST SEVENTH STREET, BOSTON, MASSACHUSETTS 02127 | Title of Pleading:<br><br>**COMPLAINT FOR (1) BREACH OF PROMISSORY NOTE, (2) BREACH OF GUARANTY, AND (3) FORECLOSURE OF MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, FIXTURE FILING, AND SECURITY AGREEMENT** |
| Defendants | Property:<br><br>**595 EAST SEVENTH STREET BOSTON, MASSACHUSETTS 02127 PARCEL ID 0702304000** |

Now comes the Plaintiff FTF Lending, LLC ("FTF Lending LLC"), by and through its undersigned counsel, and respectfully sues Defendants TCP 595 E 7th LLC, a Massachusetts limited liability company ("TCP 595 E 7th LLC"), Thomas Francis Meade, IV, an individual ("Meade"), Collector-Treasurer, City of Boston, Commonwealth of Massachusetts ("Collector-Treasurer"), Wan Sum Ng, an individual ("Ng"), and John Does No. 1-10, said names being unknown and fictitious, as unknown occupant(s) or tenant(s) in possession of 595 East Seventh Street, Boston, Massachusetts 02127 (individually and/or collectively, "Unknown Occupant(s) or Tenant(s) of 595 East Seventh Street, Boston, Massachusetts 02127"), and states as follows:

PARTIES

1. The Plaintiff FTF Lending (a) is a limited liability company organized and existing by virtue of the laws of the State of Delaware, (b) maintains a principal place of business at (i) 10 East 23rd Street, Floor 5, New York, New York 10010 and (ii) 1300 East 9th Street, Suite 800, Cleveland, Ohio 44114, and (c) is composed of a single member named Fund That Flip, Inc., which is a corporation organized and existing by virtue of the laws of the State of Delaware, and which maintains a principal place of business at (i) 10 East 23rd Street, Floor 5, New York, New York 10010, and (ii) 1300 East 9th Street, Suite 1400, Cleveland, Ohio 44114.  Accordingly, for diversity purposes, the Plaintiff is a citizen of the State of Delaware (state of organization and state of incorporation of sole member) the State of New York (state of principal place of business), and the State of Ohio (state of principal place of business).

2. Defendant TCP 595 E 7th LLC, upon information and belief, (a) is a limited liability company organized and existing by virtue of the laws of the State of Massachusetts, (b) maintains a principal place of business at 103 Ripley Road, Cohasset, Massachusetts 02025, and (c) is comprised of one member named Thomas Francis Meade, IV, who, upon information and belief, is an individual of the Commonwealth of Massachusetts and is domiciled at 711 Jerusalem Road, Cohasset, Massachusetts 02025.  For purposes of determining diversity of citizenship, a limited liability company is deemed to be a citizen of each state of which any of its member(s) is/are a citizen.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Accordingly, for diversity purposes, Defendant is a citizen of the Commonwealth of Massachusetts (state of citizenship of member(s), state of organization, and state of principal place of business).

3. Defendant Meade, upon information and belief, (a) is an individual of the

2

Commonwealth of Massachusetts, and (b) is domiciled at 711 Jerusalem Road, Cohasset, Massachusetts 02025. Accordingly, for diversity purposes, Defendant is a citizen of the Commonwealth of Massachusetts.

4. Defendant Collector-Treasurer, upon information and belief, (a) is and was at all times mentioned below a governmental agency of the Commonwealth of Massachusetts charged with, in part, the levying and collection of real estate taxes in the City of Boston, Massachusetts, and (b) maintains an address for service of process at One City Hall Square, Boston, Massachusetts 02201. Accordingly, for diversity purposes, Defendant is a citizen of the Commonwealth of Massachusetts.

5. Defendant Ng, upon information and belief, (a) is an individual of the Commonwealth of Massachusetts, and (b) is domiciled at 66 Arcadia Road, Westwood, Massachusetts 02090. Accordingly, for diversity purposes, Defendant is a citizen of the Commonwealth of Massachusetts.

6. The true identity or identities of Defendant Unknown Occupant(s) or Tenant(s) of 595 East Seventh Street, Boston, Massachusetts 02127, if any, is/are presently unknown to the Plaintiff FTF Lending LLC. On information and belief, Defendant may be in possession or control through occupancy or tenancy of 595 East Seventh Street, Boston, Massachusetts 02127.

## JURISDICTION AND VENUE

7. Jurisdiction exists in the judicial district comprising the District of Massachusetts pursuant to 28 U.S.C. § 1332(a) as there is complete diversity between all known parties and the matter in controversy exceeds the amount of $75,000.00 exclusive of interest and costs.

8. Venue is proper in the judicial district comprising the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) as (a) a substantial portion of events giving rise to the claims

of the Plaintiff FTF Lending LLC occurred within Suffolk County, Massachusetts, and (b) the hereinafter-described Property is situated within Suffolk County, Massachusetts.

BACKGROUND AND GENERAL ALLEGATIONS

9. On August 31, 2020, Defendant TCP 595 E 7th LLC executed a certain promissory note (the "Note") dated August 31, 2020 in favor of FTF Lending LLC in the original principal amount of $3,900,000.00, plus interest on the unpaid principal balance. Defendant delivered possession of the original Note to FTF Lending LLC. A true and accurate copy of the Note is attached to this Complaint as Exhibit A and incorporated herein by reference.

10. On August 31, 2020, in order to secure repayment of the Note, Defendant Meade executed a certain guaranty (the "Guaranty") dated August 31, 2020 in favor of FTF Lending LLC. Defendant delivered possession of the original Guaranty to FTF Lending LLC. A true and accurate copy of the Guaranty is attached to this Complaint as Exhibit B and incorporated herein by reference.

11. On August 31, 2020, in order to further secure repayment of the Note, Defendant TCP 595 E 7th LLC executed a certain commercial mortgage, assignment of leases and rents, fixture filing, and security agreement (the "Mortgage") dated August 31, 2020 in favor of FTF Lending LLC. Defendant delivered possession of the original Mortgage to FTF Lending LLC. A true and accurate copy of the Mortgage is attached to this Complaint as Exhibit C and incorporated herein by reference.

12. In the Mortgage, Defendant TCP 595 E 7th LLC granted, mortgaged, and conveyed to FTF Lending LLC and FTF Lending LLC's successors and assigns, with mortgage covenants, all of Defendant's right, title, and interest in and to one (1) parcel of real property more commonly known as 595 East Seventh Street, Boston, Massachusetts 02127 (Parcel ID #0702304000),

(individually or collectively, the "Property" or "Mortgaged Property") and more fully described as follows:

> A certain lot or parcel of land with the buildings thereon situated in that part of Boston called South Boston and bounded and described as follows:
>
> Commencing at a point on the Southerly side of Seventh Street, One Hundred Eight-Five feet Easterly from the corner of Seventh and K Streets;
>
> Thence running Easterly, Fifty-Five (55) feet;
>
> Thence turning and running Southerly, One Hundred Twenty-Five (125) feet;
>
> Thence turning and running Westerly on the land formerly of the heirs of Hall J. Hoe, Fifty-Five (55) Feet;
>
> Thence turning and running Northerly One Hundred Twenty-Five (125) feet to the point of beginning.
>
> For Grantor's title see deed recorded herewith.
>
> Address:   595 East Seventh Street, Boston, Massachusetts 02127
> Parcel ID: 0702304000

13. FTF Lending LLC perfected the Mortgage by recording the Mortgage on September 01, 2020 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #73567 (Official Records Book 63676 at Page 226). *See* Exhibit C.

14. FTF Lending LLC further perfected the Mortgage by recording a certain Uniform Commercial Code Fixture Filing on September 01, 2020 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #73702 (Official Records Book 63679 at Page 92). A true and accurate copy of the Uniform Commercial Code Fixture Filing is attached to this Complaint as Exhibit C and incorporated herein by reference.

15. The Plaintiff FTF Lending LLC has performed all conditions precedent required under the Note, the Guaranty, and the Mortgage since August 31, 2020.

16. The Plaintiff FTF Lending LLC owns and holds the original Note, the original Guaranty, and the original Mortgage.

17. Upon information and belief, Defendant TCP 595 E 7th LLC is the current owner

of the Property under that certain Quitclaim Deed dated March 17, 2017 and recorded on September 01, 2020 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #73566 (Official Records Book 63676 at Page 223), and may be in possession and/or control of the Property.  A true and accurate duplicate copy of the Vesting Deed is attached to this Complaint as Exhibit D and incorporated herein by reference.

19. The Plaintiff FTF Lending LLC has retained the undersigned law firm and is obligated to pay the Plaintiff's attorneys a reasonable fee for the professional legal services rendered herein, for which Defendants TCP 595 E 7th LLC and Meade, jointly and severally, are liable to the Plaintiff pursuant to terms of the Note, the Guaranty, and the Mortgage.

COUNT ONE – BREACH OF NOTE<br>(AS ONLY TO DEFENDANT TCP 595 E 7th LLC)

19. The Plaintiff FTF Lending LLC realleges and incorporates herein the allegations of Paragraphs 1 through 18 above, as though fully set forth herein.

20. Pursuant to terms of the Note, Defendant TCP 595 E 7th LLC promised to pay to the Plaintiff FTF Lending LLC the principal sum of $3,900,000.00, plus interest and other applicable fees, charges, and costs as further described in the Note.

21. Pursuant to terms of the Note, Defendant TCP 595 E 7th LLC agreed that the failure to make any payment when due under the Note, within 10 days after the due date for such payment, constitutes an event of default under the Note.

22. Defendant TCP 595 E 7th LLC failed to pay any amount due to the Plaintiff FTF Lending LLC under the Note within 10 days after the due date for such payment.  Specifically, Defendant failed to pay the Plaintiff, including, without limitation, the maturity date balloon payment due on or before August 31, 2021 (individually and/or collectively, the "Note Default").

23. Pursuant to terms of the Note, Defendant TCP 595 E 7th LLC agreed that the Note Default entitles the Plaintiff FTF Lending LLC to, among other things, (a) institute a default interest rate upon the unpaid principal balance of the loan evidenced by the Note and/or (b) assess a late charge for each payment not submitted when due pursuant to the terms of the Note, as both remedies are further detailed in the Note.

24. On November 16, 2021, the Plaintiff FTF Lending LLC mailed a written notice of default (the "Notice of Default") to Defendant TCP 595 E 7th LLC. The Notice of Default notified Defendant of the Note Default and provided Defendant with a cure period. A true and accurate copy of the Notice of Default is attached hereto as Exhibit E and incorporated herein by reference.

25. Defendant TCP 595 E 7th LLC failed to cure the Note Default during the cure period.

26. The loan funds received by Defendant TCP 595 E 7th LLC pursuant to the Note were to be used for commercial or business purposes and, as such, the indebtedness incurred by Defendant as evidenced by the Note was not for purposes that are primarily personal, family, or household.

27. Pursuant to terms of the Note, Defendant TCP 595 E 7th LLC agreed to pay all collection costs, including reasonable attorneys' fees and costs allowed by law and incurred by the Plaintiff FTF Lending LLC in connection with enforcement of the Note against Defendant, including, without limitation, the filing of the within proceeding.

28. As of April 5, 2022, Defendant TCP 595 E 7th LLC owes the Plaintiff FTF Lending LLC the following sums under the Note:

| | |
|---|---|
| Statement Date | 04/05/22 |
| Loan ID | 38478 |
| Unpaid Principal Balance of Loan | $ 3,900,000.00 |
| Remaining Construction Budget | $ 1,910,187.50 – |
| Accrued/Unpaid Normal Interest – 09/01/21 – 09/30/21 | $       20,312.67 |

| | | |
|---|---|---|
| Accrued/Unpaid Normal Interest – 10/01/21 – 10/31/21 | $ | 20,312.67 |
| Accrued/Unpaid Normal Interest – 11/01/21 – 11/30/21 | $ | 20,312.67 |
| Accrued/Unpaid Normal Interest – 12/01/21 – 12/31/21 | $ | 20,312.67 |
| Accrued/Unpaid Normal Interest – 01/01/22 – 01/31/22 | $ | 20,312.67 |
| Accrued/Unpaid Normal Interest – 02/01/22 – 02/28/22 | $ | 20,312.67 |
| Accrued/Unpaid Normal Interest – 03/01/22 – 03/31/22 | $ | 20,312.67 |
| Accrued/Unpaid Normal Interest – 04/01/22 – 04/05/22 | $ | 3,385.45 |
| Accrued/Accumulated Late Charges | $ | 12,187.60 |
| Accrued/Unpaid Penalty Interest – 09/01/21 – 04/05/22 | $ | 92,097.92 |
| Discharge Processing and Recording Fee | $ | 250.00 |
| **Total** | **$** | **2,239,922.16** |
| Per diem interest (*subject to change*) | $ | 1,105.45 |

plus per diem interest in the sum of $1,105.45 from April 6, 2022 and thereafter, and all other amounts recoverable under the Note (the "Note Balance").

WHEREFORE, the Plaintiff FTF Lending LLC respectfully requests the following relief upon Count One of the Complaint:

    a.    Judgment in favor of the Plaintiff FTF Lending LLC and against Defendant TCP 595 E 7th LLC in the amount of the Note Balance; and

    b.    such further relief as the Plaintiff FTF Lending LLC may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

## COUNT TWO – BREACH OF THE GUARANTY
### (AS ONLY TO DEFENDANT MEADE)

29.    The Plaintiff FTF Lending LLC realleges and incorporates herein the allegations of Paragraphs 1 through 28 above, as though fully set forth herein.

30.    According to the terms of the Guaranty, Defendant Meade guaranteed Defendant TCP 595 E 7th LLC's payment of the debt evidenced by the Note and performance of the duties and obligations under the Note and the Mortgage.

31.    The Note Default constitutes an event of default under terms of the Guaranty.

32.    On November 16, 2021, the Plaintiff FTF Lending LLC mailed the Notice of Default to Defendant Meade. The Notice of Default notified Defendant of the Note Default and provided Defendant with a cure period. *See* Exhibit E.

33. Defendant Meade failed to cure the Note Default during the cure period.

34. Pursuant to terms of the Guaranty, Defendant Meade agreed to pay all collection costs, including reasonable attorneys' fees and costs allowed by law and incurred by the Plaintiff FTF Lending LLC in connection with enforcement of the Guaranty against Defendant, including, without limitation, the filing of the within proceeding.

35. As of April 5, 2022, Defendant Meade owes the Plaintiff FTF Lending LLC the following sums under the Guaranty:

| | |
|---|---|
| Statement Date | 04/05/22 |
| Loan ID | 38478 |
| Unpaid Principal Balance of Loan | $ 3,900,000.00 |
| Remaining Construction Budget | $ 1,910,187.50 – |
| Accrued/Unpaid Normal Interest – 09/01/21 – 09/30/21 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 10/01/21 – 10/31/21 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 11/01/21 – 11/30/21 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 12/01/21 – 12/31/21 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 01/01/22 – 01/31/22 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 02/01/22 – 02/28/22 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 03/01/22 – 03/31/22 | $ 20,312.67 |
| Accrued/Unpaid Normal Interest – 04/01/22 – 04/05/22 | $ 3,385.45 |
| Accrued/Accumulated Late Charges | $ 12,187.60 |
| Accrued/Unpaid Penalty Interest – 09/01/21 – 04/05/22 | $ 92,097.92 |
| Discharge Processing and Recording Fee | $ 250.00 |
| **Total** | **$ 2,239,922.16** |
| Per diem interest (*subject to change*) | $ 1,105.45 |

plus per diem interest in the sum of $1,105.45 from April 6, 2022 and thereafter, and all other amounts recoverable under the Guaranty (the "Guaranty Balance").

WHEREFORE, the Plaintiff FTF Lending LLC respectfully requests the following relief upon Count Two of the Complaint:

    a. Judgment in favor of the Plaintiff FTF Lending LLC and against Defendant Meade in the amount of the Guaranty Balance; and

    b. such further relief as the Plaintiff FTF Lending LLC may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

## COUNT THREE – FORECLOSURE OF MORTGAGE
## (AS TO ALL DEFENDANTS)

36. For Count Three of the Complaint, the Plaintiff FTF Lending LLC adopts, reaffirms, and reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

37. According to terms of the Mortgage, Defendant TCP 595 E 7th LLC agreed as follows:

> 7. <u>Leases and Rents</u>. Mortgagee is hereby granted and assigned by Mortgagor the right to enter the Mortgaged Property for the purpose of enforcing its interest in the Leases and the Rents, this Mortgage constituting a present, absolute assignment of the Leases and the Rents. Nevertheless, subject to the terms of this Paragraph 7, Mortgagee grants to Mortgagor a revocable license to operate and manage the Mortgaged Property and to collect the Rents. Mortgagor shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums. Upon or at any time after an Event of Default, the license granted to Mortgagor herein may be revoked by Mortgagee, and Mortgagee may enter upon the Mortgaged Property, and collect, retain and apply the Rents toward payment of the Debt in such priority and proportions as Mortgagee in its discretion shall deem proper. . . .
>
> 20. <u>Events of Default.</u>
>
>> 20.1. The Debt shall become immediately due and payable at the option of Mortgagee upon the occurrence of an Event of Default, as such term is defined in the Note ("<u>Event of Default</u>") or if for more than 30 days after written notice from Mortgagee, Mortgagor shall continue to be in default under any other term, covenant or condition of the Note, this Mortgage or the Other Security Documents; provided, however, that if such default is susceptible of cure but cannot reasonably be cured within such 30 day period, and provided further that Mortgagor shall have commenced to cure such default within such 30 day period and thereafter diligently and expeditiously proceeds to cure the same, such 30 day period shall be extended for such time as is reasonably necessary for Mortgagor in the exercise of due diligence to cure such default, such additional period not to exceed 60 days. . . .
>
> 21. <u>Remedies of Mortgagee</u>.
>
>> 21.1. Upon the occurrence and during the continuance of any Event of Default, Mortgagor will pay, from the date of that Event of Default, interest on the unpaid principal balance of the Note at the Default Rate set forth in the Note (the "<u>Default Rate</u>") and Mortgagee shall have the right to exercise any and all rights and remedies available at law and in equity under this Mortgage, including, but not limited to, the following actions (and any other remedies set forth elsewhere in this Mortgage), each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee . . . :
>
>>> 21.1.2. institute proceedings, judicial or otherwise, for the complete foreclosure of this Mortgage under any applicable provision of law; or . . . .

10

38. Defendant TCP 595 E 7th LLC represented and warranted to the Plaintiff FTF Lending LLC that Defendant held good and marketable title of record to the Property free and clear of all undisclosed liens and encumbrances.

39. Pursuant to terms of the Mortgage, Defendant TCP 595 E 7th LLC agreed that the Mortgage secures, among other things, (i) payment of the indebtedness evidenced by the Note and (ii) performance of the terms of the Note.

40. Pursuant to terms of the Mortgage, Defendant TCP 595 E 7th LLC agreed that the Note Default is a default under the terms of the Mortgage ("Mortgage Default").

41. Pursuant to terms of the Mortgage and based upon the Mortgage Default, the Plaintiff FTF Lending LLC is entitled to (a) declare the entire unpaid principal balance of the Note, and all accrued unpaid interest, fees, and costs, to be immediately due, (b) foreclose the interest of Defendant TCP 595 E 7th LLC in the Property and sell the Property upon execution, and (c) pursue judgment upon any deficiency remaining after sale of the Property against Defendants TCP 595 E 7th LLC and Meade, among other remedies.

42. Based upon terms of the Mortgage, the Mortgage Default, and relevant law, the Plaintiff FTF Lending LLC seeks to (a) foreclose the Mortgage, (b) cut off or bar any Defendant's right of redemption in the Property, (c) sell the Property upon execution, and (d) apply the proceeds from a judicial sale of the Property against the indebtedness owed to the Plaintiff by Defendants TCP 595 E 7th LLC and Meade pursuant to the Note and Guaranty.

43. Pursuant to the Mortgage, Defendant TCP 595 E 7th LLC agreed that the loan secured by the Mortgage was to be used for commercial or business purposes and not for purposes that are primarily personal, family, or household.

44. Pursuant to terms of the Mortgage, Defendant TCP 595 E 7th LLC agreed to pay all collection costs, including reasonable attorneys' fees as allowed by law, incurred by the Plaintiff FTF Lending LLC in enforcing the terms of the Mortgage.

45. Pursuant to law and terms of the Mortgage, the Plaintiff FTF Lending LLC is entitled to collect the Plaintiff's reasonable attorneys' fees arising in connection with enforcement of the Mortgage against Defendant Tnotes Investments, including, without limitation, the filing of the within action.

46. Defendant Collector-Treasurer has the statutory first and best lien against the Property for all real estate taxes, assessments, interest, and penalties assessed or levied against the Property.

47. Defendant Collector-Treasurer may claim an interest in the Property by virtue of a certain certificate of municipal liens in the amount of $23,540.42, plus interest, penalties and costs recorded on September 01, 2020 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #73564 (Official Records Book 63676 at Page 219).

48. Defendant Collector-Treasurer may claim an interest in the Property by virtue of a certain instrument of taking in the amount of $12,955.73, plus interest, penalties and costs recorded on December 15, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #2021-00135640 (Official Records Book 66857 at Page 21).

49. Defendant TCP 595 E 7th LLC may claim an interest in the Property by virtue of a claim, encumbrance, interest, or lien against the Property.

50. Defendant Meade may claim an interest in the Property by virtue of a claim, encumbrance, interest, or lien against the Property.

51. Defendant Ng may have an interest in the Property by virtue of a certain mortgage

dated April 5, 2021 in the original principal amount of $2,320,000.00 and recorded on April 07, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #38115 (Official Records Book 65183 at Page 221).

52. Defendant Unknown Occupant(s) or Tenant(s) of 595 East Seventh Street, Boston, Massachusetts 02127 may have an interest in the Property by virtue of a certain unrecorded lease or occupancy agreement with Defendant TCP 595 E 7th LLC.

53. In order to protect the lien and security of the Mortgage during the pendency of the within action, the Plaintiff FTF Lending LLC may be required to pay insurance premiums, real estate taxes, assessments, water charges, sewer charges, attorneys' fees, repairs and other expenses or charges affecting the Property.  The Plaintiff requests that any amount so paid and expended by the Plaintiff during the pendency of the within action be added, pursuant to the terms of the Mortgage, to Plaintiff's claim and be repaid to the Plaintiff from the proceeds of the sale of the Property, together with interest thereon from the date such expenditures are made and that the same be added to the amounts due to the Plaintiff and secured by the Mortgage.

WHEREFORE, the Plaintiff FTF Lending LLC respectfully requests the following relief upon Count Three of the Complaint:

    a. Judgment of foreclosure and sale of the Mortgage in favor of the Plaintiff FTF Lending LLC and against Defendant TCP 595 E 7th LLC, and

    b. an Order fixing the total amount due under the Mortgage at the Note Balance, and

    c. an Order (i) requiring all Defendants to answer as to their respective claims, encumbrances, interests and/or liens, if any, in and to the Property, or forever be barred, and (ii) barring and foreclosing the equity of redemption of Defendant TCP 595 E 7th LLC in and to the Property; and

    d. an Order (i) marshalling all claims, encumbrances, interests and/or liens in and to the Property, and (ii) determining the priorities of all Parties to the within action; and

  e. an Order adjudging the Property be sold according to law and Order(s) of this Honorable Court to satisfy the total amount due to the Plaintiff FTF Lending LLC under the terms of the Mortgage; and

  f. Judgment for the costs and collection expenses, including reasonable attorneys' fees, pursuant to the terms of the Mortgage; and

  g. such further relief as the Plaintiff FTF Lending LLC may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

Dated: May 4, 2022

              Respectfully submitted by:

*s/ Brendan H. Little*

Brendan H. Little, Esquire
Mass. Board of Bar Overseers #669738
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100
F: (716) 853-5199
E: blittle@lippes.com

Michael J. Palumbo, Esquire
(*Motion to Appear Pro Hac Vice to Be Filed*)
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
T: (216) 503-9512
F: (888) 827-0855
E: michael@gplawllc.com

*Counsel for the Plaintiff*